# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Limited Partnership, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 05 C 2880 |
| BELVIDERE CONSTRUCTION CO., a business entity from unknown; ELGIN AUGERING, an Illinois corporation, ) ) ) ) | Judge John W. Darrah |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sprint Communications Company, L.P., filed suit against Defendants, Belvidere Construction Co. and Elgin Augering, alleging trespass and negligence. Presently pending before the Court is Elgin's Motion to Dismiss and Belvidere's Motion to Strike and Dismiss.

## BACKGROUND

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Sprint, a telecommunications party, by agreement and/or permit from the City of Geneva, Illinois, installed a fiber-optic cable and related facilities in the City right-of-way at or about Keslinger and Peck Road in Geneva, Illinois. On July 20, 2000, Elgin, under the supervision of Belvidere, was excavating to install a traffic light in the City right-of-way of Keslinger and Peck Road. While performing the excavation, Elgin severed a Sprint fiber-optic cable located within the City right-of-way of Keslinger and Peck Road. Sprint filed the complaint on May 13, 2005, over four years after the alleged damage.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A claim for relief need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (*Cook*). A plaintiff is not compelled to plead facts or legal theories or cases or statutes but merely to describe his claim briefly and simply. *Shah v. Inter-Contl. Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). A court will dismiss a complaint only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *Cook*, 141 F.3d at 327. At an early stage of litigation where the defendant seeks dismissal based on a statute of limitations defense, "the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003); *see also Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)").

The Defendants argue that Sprint's claims for relief arose from the construction of an improvement to real property and are barred by the four-year construction statute of limitations, 735 ILCS 5/13-214(a). That Illinois statute provides, in relevant part:

> Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or

2

her privity, knew or should reasonably have known of such act or
omission.

735 ILCS 5/13-214(a). Sprint argues that this action is subject to the five-year statute of limitations for property damage claims provided in 735 ILCS 5/13-205. That statute provides, in relevant part:

> ... actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

735 ILCS 5/13-205.

There is no dispute that Defendants' alleged conduct occurred more than four years ago but within five years. The issue remaining is whether Section 13-214(a) or 13-205 applies. For Section 13-214(a) to apply, it must be determined, as a matter of law, that the excavation work to install a traffic light is an improvement to real property. In *St. Louis v. Rockwell Graphics Sys.*, 153 Ill. 2d 1, 4-5 (1992) (*St. Louis*), the Illinois Supreme Court defined "improvement" as:

> A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, coasting labor and capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.

The court specified criteria for determining what constitutes real property: whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the property value has increased, and whether the use of the property was enhanced. *St. Louis*, 153 Ill. 2d at 4-5; *see also Herriott v. Allied Signal, Inc.*, 998 F.2d 487, 489 (7th Cir.

1993) (applying Illinois Supreme Court criteria for determining "improvement" to real property); *Garrison v. Gould, Inc.*, 36 F.3d 588, 592 (7th Cir. 1994) (installation of an electrical switch met the criteria for improvement to real property).

In the instant case, Sprint alleges that Defendants were "installing" a traffic light. At this stage of litigation, it cannot be determined if the excavation to install the traffic light qualifies as improvement to real property or if it is a mere repair or replacement. Accordingly, dismissal based on the running of the statute of limitations is denied at this time.

Belvidere also argues Sprint failed to allege conduct of the Defendants amounting to trespass. Specifically, Belvidere contends that Sprint failed to allege that Belvidere intended or knew with a high degree of certainty that Elgin would fail to provide the required notice of evacuation, fail to determine the location of the fiber-optic cable or otherwise avoid damage to the fiber-optic cable. *See Dietz v. Illinois Bell & Tel. Co.*, 154 Ill. App. 3d 554, 559 (1987) (*Dietz*). However, unlike the Illinois state court requirement of fact pleading, *see Dietz*, 154 Ill. App. 3d at 559, Sprint need not plead facts or the elements of a claim in this Court. Sprint's Complaint sufficiently states a claim for trespass.

Lastly, Belvidere argues that Sprint's request for punitive damages should be stricken because Sprint only alleges negligence. Plaintiff did not address Belvidere's argument in its response brief.

Punitive, or exemplary, damages are not awarded as compensation but serve, instead, to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974). Because of their penal nature, punitive damages are not favored by law. *Deal v. Byford*, 127 Ill. 2d 192, 205 (1989). Punitive

damages should not be awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence. *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404, 414 (1990).

Sprint seeks damages for mere negligence; therefore, Sprint's pleadings for punitive damages are stricken.

## CONCLUSION

For the foregoing reasons, Elgin's Motion to Dismiss is denied. Belvidere's Motion to Strike is granted, and Belvidere's Motion to Dismiss is denied.

Dated: October 5, 2005

JOHN W. DARRAH
United States District Judge

5