IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | )<br>)<br>) |
| Plaintiff, | ) Case No. 05 C 2880<br>) |
| v. | ) Judge Virginia M. Kendall<br>) |
| BELVIDERE CONSTRUCTION CO., and ELGIN AUGERING, INC. | )<br>)<br>) |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Sprint Communications Company ("Sprint") has sued Belvidere Construction Company ("Belvidere") and Elgin Augering, Inc. ("Elgin" and together with Belvidere "Defendants") for trespass and negligence stemming from damage to one of Sprint's power lines during construction on a public way. Defendants have moved for summary judgment on grounds that the construction project is an "improvement to real property" such that Sprint's claim is barred by a four-year statute of limitations. Sprint opposes on grounds that the construction project was not an improvement, and is therefore permitted under the more general five-year statute of limitations. Because there is no genuine issue of material fact, and because the undisputed facts show the project was an "improvement to real property" as a matter of law, summary judgment is granted to Defendants.

Facts

Belvidere was a general contractor hired to perform construction work for the State of Illinois, Kane County Division of Transportation, for a proposed intersection at Peck Road and Keslinger Road. Belvidere 56.1 Facts at ¶ 2. The project consisted of the construction of a bridge

and overpass such that the intersection would not interfere with railroad tracks. *Id.* at ¶ 11, 12, Brangenberg Dep. at 12-13 (Belvidere Ex. 4).[1] The general contractor on the project, Plote, Inc., hired Belvidere to construct the bridge and the bridge foundation. Belvidere 56.1 Facts at ¶ 14. Belvidere subcontracted to Elgin for augering holes for streetlights and traffic lights. *Id.* at ¶ 3, King Dep. at 10 (Belvidere Ex. 5). Holes were to be placed on the north and south sides of the railroad tracks. Belvidere 56.1 Facts at ¶ 28. Mr. Kramer, and employee of Elgin, was augering one of the holes on July 20, 2000 when he hit the Sprint cable. *Id.* at ¶¶ 29-30. The following day, Mr. Kramer was contacted by a member of Sprint Corporate Security regarding the incident with the cable. *Id.* at ¶ 30.

## Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477

---

[1] Sprint also filed evidentiary objections to some of the depositions and exhibits supporting Belvidere's Local Rule 56.1 Statement of Material Facts. Sprint objects on the basis of Federal Rules of Evidence 701 and 702 to Mr. Brangenberg's testimony regarding the changes made to the intersection, arguing that Mr. Brangenberg "does not have a college degree or professional license in the construction field and lacks the qualifications to offer opinion testimony." However, Mr. Brangenberg is both educated and trained in field engineering. Additionally, Mr. Brangenberg's testimony with respect to this project is within his personal knowledge, as he was the field engineer assigned by the contractor for the Illinois Department of Transportation to oversee this particular construction project, and testified to his personal knowledge of the purpose and course of the project.

2

U.S. 242, 255 (1986). The Court, however, will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.").

## Discussion

Defendants move for summary judgment on the grounds that Sprint's claim is barred by the four-year statute of limitation for damage occurring during construction. The statute of limitation, titled "Construction – Design management and supervision," states in relevant part:

> Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission. . .

735 ILCS 5/13-214(a). Sprint opposes summary judgment on grounds that the construction project at Peck Road was not an "improvement to real property," and that the action is therefore governed

3

by the more general five-year statute of limitation for property damage. *See* 735 ILCS 5/13-205.[2] Elgin damaged Sprint's cable on July 20, 2000; this action was filed on May 13, 2005.

Whether the excavation constitutes an "improvement to real property" within the meaning of the statute is a question of law, but its resolution is grounded in fact. *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 266 (7th Cir. 1994).[3] "An improvement is a valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." *Zimmer v. Village of Willowbrook*, 610 N.E.2d 709, 713 (Ill. App. Ct. 1993) (internal citations omitted). To determine whether an item is an "improvement," courts consider: (i) whether the addition was meant to be permanent or temporary; (ii) whether it became an integral component of the overall system; (iii) whether the value of the property increased; and (iv) whether the change enhanced the use of the property. *St. Louis v. Rockwell Graphic Systems, Inc.*, 605 N.E.2d 555, 556-57 (Ill. 1992). Because section 214(a) is a specific statutory provision,

---

[2]That statute states in relevant part:
§ 13-205. Five year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", approved July 31, 1961, as amended, and Section 11-13 of "The Illinois Public Aid Code", approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

[3]Defendants previously moved to dismiss the Complaint on the same statute-of-limitation ground, but the Court could not determine without further factual support whether the construction project underlying the suit was an "improvement to real property" as required for application of section 214(a). *See* October 5, 2005 Memorandum Opinion and Order, Docket No. 30.

it will take precedence over the more general limitation of section 205 if it is found to be applicable. *Zimmer*, 610 N.E.2d at 716.

Defendants present unrefuted testimony that the purpose of the construction project was to widen the intersection and construct a bridge and overpass such that passing railway traffic would not interfere with vehicle traffic. Sprint focuses its argument on the fact that the damage to its cable occurred while Elgin excavated a hole for a street lamp; since street lamps existed on site prior to renovation, argues Sprint, the excavation that caused the injury was not an "improvement to real property."

The excavation of the holes, however, must be considered in light of the entire intersection reconstruction. When deciding whether a project is an "improvement to real property," the analysis focuses on the entire system that was constructed, not just a single component. *Hausman v. Monarch Mach. Tool Co.*, 997 F.2d 351, 354-55 (7th Cir. 1993) (considering a table as a part of an overall factory project). The application of 214 cannot be avoided by separating the component from the system of which it is a part. *Garner*, 37 F.3d at 267 (finding that a door installed as part of a building addition constituted an "improvement to real property") (internal citations omitted).

In a previous case with similar circumstances, the Illinois appellate court reviewed the record of activity at the construction site in order to determine whether the activities constituted an "improvement to real property." *Billman v. Crown-Trygg Corp.*, 563 N.E.2d 903, 921 (Ill. App. Ct. 1990). The *Billman* court found that highway construction was an improvement when: (i) the highway was widened; (ii) concrete medians were installed; (iii) curbing and gutters were installed; and (iv) storm sewers were installed. *Id.* Like the parties in *Billman*, Defendants' testimony about the overall purpose of the intersection renovation at Peck Road describes substantial and permanent

5

changes to an intersection, including the construction of a bridge. The street lamps lighted the road at the finished and reconstructed site. This testimony is precisely the type of evidence - permanence and enhancement of the overall structure - that supports a determination that a project was an "improvement to real property."

Sprint cites only one case in support of its position that the street lamps included in the intersection construction were not an "improvement to real property." That case, *Calumet Country Club v. Roberts Environmental Control Corp.*, 483 N.E.2d 613 (Ill. App. Ct. 1985), reversed a trial court's dismissal because the court could not determine on the basis of the pleadings alone whether a piping connection under a country club was an improvement, or merely a repair. However, the *Billman* court specifically discussed and distinguished the *Calumet* opinion because, like the record here, the record before *Billman* contained uncontradicted evidence that the construction permanently improved the property and enhanced its value. *Billman*, 563 N.E.2d at 922-23.

The facts of this case are substantially aligned with the facts in *Billman*, and have the additional benefit of a complete record after a full period of discovery. Defendants have presented deposition testimony and attached exhibits that address directly the factors set forth in *St. Louis* for determining as a matter of law whether a project constituted an "improvement to real property." The record presented by Defendants supports their position that the changes made to the intersection at Peck Road were substantial, permanent, and enhanced the value of the property, so as to fall within the parameters of the construction statute of limitations 13-214(a).

Conclusion

Because the record before the Court shows that the intersection project constructed a bridge and widened an intersection, making permanent changes to enhance the value of the property and

make it safer, the project is an "improvement to real property" as defined in 735 ILCS 5/13-214(a). This action was filed more than four years after the date of discovery of the injury and is therefore barred by that statute's limitation. Summary judgment for Defendants is granted.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: October 12, 2006